Argued August 23, affirmed September 18, 1972

## STATE OF OREGON, *Respondent, v.* DONNA LEE CAMERON (No. 28498), *Appellant.*

### 500 P2d 1240

*Nicholas D. Zafiratos,* Astoria, argued the cause and filed the briefs for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant was convicted of larceny by embezzlement based on an information which charged embezzlement of $6,015.58 from Dennis Thiel, one of the owners of Thiel's Music Shop in Astoria. Defendant appeals alleging error in the admission of a document (Exhibit 13) which was a summary of the music shop's profit and loss statement purportedly showing that the 1970 gross profit was approximately $8,000 to $10,000 less than in 1969.

The exhibits in the case were not designated by defendant as part of the record on appeal (ORS 19.029, 138.081), hence Exhibit 13 is not before us for review. However, we have elected to consider this assignment in this instance because it appears from the transcript of testimony that Exhibit 13 evidenced that the profits of the store were significantly less in 1970, when defendant worked throughout the year, than they had been in 1969, when defendant worked only about two months. Also, the defendant brought out from the store's accountant, in questions permitted to be asked in possible aid of objection to Exhibit 13, that the gross profit margins for 1968, 1969, 1970 and 1971 were all in excess of 30 per cent and then suddenly the margin dropped eight per cent, representing a reduction in gross profit of $10,000 for that year. There was evidence that owner Thiel considered other factors in reducing his embezzlement loss to the $6,000 figure. Defendant cross-examined owner Thiel extensively as to the possibility of his losses having resulted from other causes, such as other persons having access to the store, transfer of merchandise between Thiel's two stores, and the possibility of other employes being involved in shortages. Defendant also ex-

amined the store's accountant and a certified public accountant called by the defendant in an attempt to demonstrate that the decline in profits could be attributed to other factors. Defendant's certified public accountant testified that in his opinion the store accountant followed accepted accounting practices in preparing the profit and loss statement but that, being unverified, it could be inaccurate. A reasonable summary of the store accountant's testimony is that Exhibit 13 showed a loss of some $10,000, $6,000 of which he was unable to explain on the basis of any business practices.

The trial court admitted Exhibit 13, stating that defendant's objections to it went to the weight to be accorded to it by the jury rather than its admissibility. We agree.

There was evidence, wholly independent of Exhibit 13, of four different occasions when defendant had misapplied the victim's funds. The total amount of these defalcations was $155, including the final incident when $46 in marked bills was found in defendant's wallet at the time of her arrest. Thus, proof of embezzlement of over the requisite $75 statutory amount was present. Former ORS 164.310 and 165.005.

Defendant did not urge at trial, nor does she urge at this time, that the state was required for conviction to prove the $6,000 defalcation alleged. Instead she requested a jury instruction that the element of the offense concerning the amount of the embezzlement was simply that she had embezzled in excess of $75, and such an instruction was given.

Affirmed.